UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:17-cv-03461-JVS-KS                                                Date: May 16, 2017

Title   *Mark Vincent Straus v. Shawn Hatton*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Roxanne Horan-Walker  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 1, 2017 Petitioner, a California state prisoner proceeding *pro se*, constructively filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Dkt. No. 1.) According to the Petition, Petitioner was convicted on March 31, 1998 of arson, accessory after the fact to robbery and sentenced pursuant to California's Three Strikes law. (Petition at PageID 2, 9.)[2]

The procedural history of Petitioner's direct appeal and his efforts for collateral review is unclear. For example, the Petition indicates that Petitioner appealed to the California Court of Appeal, but he has neither specified the case number nor the grounds raised which he deems "unknown." (Pet. at PageID 2.) The Court is unable to locate a record of any direct appeal on the website of the California courts.

Additionally, according to the Petition and its attachments, Petitioner filed a habeas petition in the Los Angeles superior court (which he sometimes refers to as the "appellate court," *compare* Petition at PageID 1 to *id*. at PageID 3) in case number "455778," raising three grounds: (1) newly discovered evidence, (2) *People v. Vargas* dealing with prior strikes, and (3) prior convictions tried in the same court/trial. (*Id*. at PageID 4.) Elsewhere in attachments to his Petition, Petitioner states that he filed a habeas petition challenging the sentence at issue in a state "lower court," (*i.e.* the Superior Court of Santa Barbara) on February 25, 2015, and

---

[1] Pursuant to the "prison mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be "constructively" filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d).
[2] Where documents in the record are un-paginated or non-consecutively paginated, the Court uses the "PageID" numbering of the electronic docket for ease of reference.

references a reasoned denial by that court dated April 24, 2015. (Petition at PageID 10; *but see id*. at PageID 11 *referencing* renewed motion for re-sentencing denied on April 28, 2015.)

Petitioner then presented the same grounds in a habeas petition to the California Supreme Court on August 27, 2015 (*see* http://appellatecases.courtinfo.ca.gov). The state supreme court summarily denied relief on November 18, 2015. *Id*. (*See also In re Straus*, No. S228889, 2015 Cal. LEXIS 9500 (Cal. Nov. 18, 2015).) Seventeen and a half months later, Petitioner filed the instant Petition, which purportedly raises three—sentencing-related—grounds for relief, although only two are specified in any detail.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The Court has identified several defects in the Petition that warrant dismissal, including untimeliness, lack of clarity, and non-cognizable claims.

### I.     Untimeliness

The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences. 28 U.S.C. § 2244(d)(1). For pre-AEDPA convictions, the one year statute of limitations begins to run from the April 1996 implementation of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001). In the present case, Petitioner was required to file his federal habeas petition within one year from the latest of:

> (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
> (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
> (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, it is unclear whether Petitioner sought direct review of his conviction. Although Petitioner indicates that he appealed to the California Court of Appeal (see Petition at PageID 2), he does not know the case number, grounds raised, and writes "N/A" for the date of decision (*id*. at PageID 3). Petitioner's failure to specifically identify any direct appeal suggests that the conviction or sentence at issue became final in 1998. *See* Cal. Rules of Court 8.104(a)(1) (listing the deadlines for filing a notice of appeal). Although Petitioner briefly references "Newly Discovered Evidence" as a grounds for relief raised on state collateral review, he does not elaborate further on the issue and proposes no alternative commencement date for the statute of limitations under 28 U.S.C. § 2244(d)(1)—on the basis of newly discovered evidence or otherwise. Absent an alternative commencement date, the statute of limitations commenced running in 1998 and, absent tolling, it expired one year later in 1999 – approximately 18 years before Petitioner constructively filed the Petition on May 1, 2017. *See Patterson*, 251 F.3d at 1246. The Court notes that even if Petitioner is entitled to a later commencement date, which prompted state habeas filings in 2015, the instant Petition was constructively filed 17.5 months after the state supreme court denied habeas relief and Petitioner has not explained that delay.

### a. Petitioner Did Not File Any State Habeas Petitions Until After the Statute of Limitations Expired.

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay*." Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003). Although the procedural history is somewhat unclear, Petitioner states that he filed a habeas petition challenging the sentence at issue in a state "lower court," (*i.e*. the Superior Court of Santa Barbara) on February 25, 2015, and references a reasoned denial by that court dated April 24, 2015. (Petition at PageID 10; *but see id*. at PageID 11 *referencing* renewed motion for re-sentencing denied on April 28, 2015.) On August 27, 2015, Petitioner filed a petition raising the same issues in the California Supreme Court, which issued a summary denial on November 18, 2015. *Straus*, 2015 Cal. LEXIS 9500; *see also*

http://appellatecases.courtinfo.ca.gov.  Petitioner does not indicate that he filed any habeas petitions prior to 2015.[3]

When, as here, a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Accordingly, given Petitioner's allegations that he is challenging a conviction and/or sentence that became final in 1998, but waited until 2015 – roughly 16 years after the statute of limitations expired – to file a state habeas petition, it appears that Petitioner is not entitled to statutory tolling.

### b. Petitioner Does Not Allege That Any Extraordinary Circumstance Prevented Him From Timely Filing The Petition.

The one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey*, 556 F.3d at 1011 (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645.

Petitioner has neither alleged that an extraordinary circumstance prevented him from timely filing the Petition nor that he pursued his rights diligently in the face of that obstacle. Accordingly, it does not appear that equitable tolling is available to render the Petition timely.

---

[3] The Court notes, based on its independent review, that a habeas petition was filed on April 20, 2000, in case number S087688 by a petitioner named "Mark V. Straus" in the California Supreme Court and denied on August 9, 2000. *See* http://appellatecases.courtinfo.ca.gov.  However, because Petitioner has not referenced that case either by date or case number in the instant Petition, the Court does not presume the petitioners to be the same and does not consider that filing for the purpose of statutory tolling.

## II.     Vague and incoherent claim(s)

Even if the Petition was not subject to dismissal for untimeliness, it warrants dismissal for lack of clarity.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 2(c) of the Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254, similarly requires habeas petitions to "specify all the grounds for relief available."  Ultimately, a pleading violates Rule 8 if a defendant would have difficulty understanding and responding to it.  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

Liberally construed, the instant Petition—attaching Petitioner's state supreme court "petition"—purports to raise the following claims for relief:  (1) newly discovered evidence, (2) a claim pursuant to *People v. Vargas* dealing with prior strikes, and (3) a claim challenging sentencing because prior convictions tried in the same court/trial.  (Petition at PageID 4.)  However, based on attachments to the Petition, Petitioner's "grounds" raised boil down to a single issue, namely that the state sentencing court's application of the Three Strikes law in his case was unconstitutional (*i.e.* Petitioner's "constitutional right to [a] tiered penalty structure" and right to due process were violated when he was sentenced to a "mandatory double sentence").  (Petition at PageID 11-14.)  Petitioner's argument—raised as a "ground" for relief—that the state reviewing court's decision upholding the sentence was "constitutional[ly] infirm[ ]" and therefore warrants *de novo*, rather than deferential, review is not a separate claim but rather an argument as to the appropriate standard of review.[4]   (*Id*.)   However, the Court cannot discern from the Petition the precise number and type of claims for relief, the factual allegations underlying those claims, or determine whether those claims have been properly exhausted.[5]  A respondent, also, would have great difficulty understanding and responding to the

---

[4] To the extent Petitioner argues that the Three Strikes law is unconstitutional *per se*, the issue is not presented as a separate grounds for relief and, further, is undermined by Petitioner's own reliance and interpretation of that law in challenging the sentence in his case.  In any event, the U.S. Supreme Court has held that California's Three Strikes law is not unconstitutional on its face because it was created with the legitimate interest of protecting public safety. *Ewing v. California*, 538 U.S. 11, 26 (2003).

[5] As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has "exhausted" the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner

Petition as currently written. Accordingly, the Petition does not comply with Rule 8 of the Federal Rules of Civil Procedure and Rule 2(c) of the Rules Governing 2254 Cases and may be subject to dismissal.

I.

**III.    Claim(s) do not appear cognizable on federal habeas review**

In addition to being untimely and unclear, the claim or claims in the Petition do not contain any violations of federal or constitutional law. Section 2254 confers jurisdiction on a district court to issue a writ of habeas corpus on behalf of a person in custody "on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*." (Emphasis added). Mere errors in the application of state law—such as sentencing errors which appear to be the focus of the instant Petition—are generally not cognizable on habeas corpus. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")

In light of these defects, **Petitioner is ORDERED TO SHOW CAUSE on or before 30 days from the date of this Order why the Petition should not be dismissed** – that is, Petitioner must file, no later than 30 days from this Order, a First Amended Petition For Writ Of Habeas Corpus that:

(1) provides a short plain statement of each ground for habeas relief, including the constitutional provision at issue and the supporting factual allegations;

(2) establishes that the exhaustion process is complete – that is, that the California Supreme Court has had the opportunity to consider *all* of the claims raised in the First Amended Petition, either on direct appeal or habeas review; or the status of any exhaustion proceedings; AND

---

must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

(3)  includes specific factual allegations demonstrating that *either* the Petition is timely under 28 U.S.C. § 2244(d)(1) *or* Petitioner has been diligently pursuing his rights but an <u>extraordinary circumstance</u> prevented timely filing of the Petition.

The Clerk is directed to send Petitioner Form CV-69, the Central District's standard habeas petition form for a person in state custody.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|                                       |      :       |
|---------------------------------------|--------------|
|                  **Initials of Preparer** | rhw      |